NUMBER 13-06-078-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


WHARTON COUNTY, TEXAS, Appellant,


v.



WILLIAM C. GENZER, INDIVIDUALLY

AND A/N/F OF ELIZABETH GENZER,

A MINOR, WILLIAM RUDOLPH GENZER,

A MINOR, RUDOLPH PRIHODA & 

VERONICA PRIHODA, Appellee.

 


On appeal from the 23rd District Court of Wharton County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Yañez



 Appellant, Wharton County ("the County"), challenges the trial court's denial of its
plea to the jurisdiction. Appellee, William Genzer, individually and as next friend of
Elizabeth and William Rudolph Genzer, minor children, and on behalf of Rudolph and
Veronica Prihoda, (1) alleged in his petition that the County is liable "under the Texas Tort
Claims Act (TTCA), for: (1) negligence; (2) premises liability (use or misuse of real
property); (3) special defect; and (4) use or misuse of tangible personal property." In its
sole issue on appeal, the County asserts that the district court erred in denying its plea
because Genzer "failed to carry [his] burden to affirmatively allege facts that demonstrate
an express waiver of Wharton County's governmental immunity." We reverse and remand.

Jurisdiction over the County's Claims

 Whether or not this Court has jurisdiction to consider each and every argument
raised by the County on appeal is a matter that is heavily contested by both parties. 
Genzer asserts that because this is an interlocutory appeal under section 51.014(a)(8) of
the civil practice and remedies code, (2) this Court does not have jurisdiction to review claims
that were neither included in the plea to the jurisdiction nor considered by the district court. (3) 
In the alternative, the County contends that all its arguments are reviewable because
"[s]ubject matter jurisdiction is an issue that may be raised for the first time on appeal; it
may not be waived by the parties." (4) Genzer's appellate brief sets out which arguments the
County asserted in its plea to the jurisdiction and its appellate brief for the purpose of
establishing which arguments are properly before us. Our reading of the County's plea and
appellate brief, however, produces a slightly different assessment of the arguments
contained therein.

 Our review of the County's appellate brief uncovers the following arguments: (1)
Genzer did not plead facts that demonstrate waiver of immunity for premise defect and
special defect; (5) (2) the County's use or misuse of signs/barricades constituted
"discretionary decisions for which there is no waiver of immunity"; (6) (3) immunity is not
waived for failing to comply with the Texas Manual on Uniform Traffic Control Devices; (7) (4)
Genzer has not "provided any . . . evidence to show that a barricade or sign or other traffic
device caused . . . injury"; (8) and (5) immunity is not waived "for a failure to train or supervise
or make a policy." (9) We find that only the first three arguments were raised in the County's
plea to the jurisdiction; (10) therefore, it is our jurisdiction over the latter two arguments that
provokes debate. We need not resolve this debate, however, because these latter
arguments are inconsequential to our resolution of this appeal.

Applicable Law

 Governmental immunity from suit defeats a trial court's subject matter jurisdiction
and thus is properly asserted in a plea to the jurisdiction. (11) The trial court must determine
at its earliest opportunity whether it has the constitutional or statutory authority to decide
the case before allowing the litigation to proceed. (12) As a general rule, political subdivisions
of the State, such as the County, are immune from tort liability based on the doctrine of
governmental immunity. (13) Accordingly, it was Genzer's burden to plead facts which, taken
as true, would invoke the trial court's jurisdiction. (14) Whether a pleader has alleged facts
that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law
reviewed de novo. (15) As the Texas Supreme Court explained in Miranda:

 When a plea to the jurisdiction challenges the pleadings, we
determine if the pleader has alleged facts that affirmatively demonstrate the
court's jurisdiction to hear the cause. We construe the pleadings liberally in
favor of the plaintiffs and look to the pleaders' intent. If the pleadings do not
contain sufficient facts to affirmatively demonstrate the trial court's
jurisdiction but do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should
be afforded the opportunity to amend. If the pleadings affirmatively negate
the existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend. (16)


The County's Challenges to the Pleadings

 The County's plea to the jurisdiction asserted that Genzer's second amended
petition "failed to plead facts supporting each of the elements of [his] claims. . . . 
Therefore, on its face, [Genzers'] Second Amended Petition does not waive sovereign
immunity." In continuing this argument on appeal, the County's brief states that the
"Plaintiffs did not plead that the condition of the road proximately caused their injuries. In
fact, Plaintiffs did not plead any connection between County Road 156 and Plaintiffs'
injuries. From Plaintiffs' pleadings, it is not clear what happened to cause death or injury
to anyone." (17) The brief further states that the "Plaintiffs' pleadings are devoid of any factual
reference to the cause of their injuries. They have presented no pleadings that would show
that they were using County Road 156, that they were traveling on County Road 156, or
that they were even on County Road 156." (18)

 We agree with the County's contention that "[f]rom [Genzer's] pleadings it is not
clear what happened to cause death or injury to anyone."

Discussion

 The Texas Supreme Court has held that a plaintiff's mere reference to the TTCA
does not establish the State's consent to be sued and thus is not enough to confer
jurisdiction on the trial court. (19) A plaintiff suing a governmental unit should plead sufficient
factual details to ensure that his claim fits within one or more of the TTCA's provisions so
as to demonstrate waiver of sovereign immunity and subject matter jurisdiction in the trial
court. (20) Under TTCA's provisions, it is the plaintiff's burden to allege facts that affirmatively
establish the trial court's subject matter jurisdiction. (21) As Justice Jefferson's dissent noted
in Miranda, pleadings in such a case "must be viewed . . . through the prism of sovereign
immunity, which deprives a court of jurisdiction unless the State has expressly waived
immunity. The plaintiffs' pleadings against the State must affirmatively establish jurisdiction
to overcome the contrary presumption." (22)

 Genzer's petition asserts that the County's governmental immunity is waived under
section 101.021 of the civil practice and remedies code. (23) Under section 101.021, a
governmental entity may be held liable for personal injury in two ways. One involves injury
(1) caused by an employee acting within the scope of his employment and (2) arising from
the operation or use of a motor-driven vehicle or motor-driven equipment. (24) The second
involves injury caused by a condition or use of tangible personal or real property if the
governmental unit would, as a private person, be liable to the claimant. (25) To the extent that
Genzer says nothing about being injured by a government employee's use or operation of
a motor-driven vehicle or equipment, section 101.021(1) is inapposite. Left with assessing
whether Genzer's claim falls within the scope of section 101.021(2), we note that the
elements of proof for such a claim are determined by whether the condition is a premise
defect or special defect. (26) Under either theory, however, the plaintiff must prove the
condition of the premises created an unreasonable risk of harm to the licensee or invitee,
the owner failed to exercise ordinary care to protect the licensee or invitee from danger,
and the owner's failure was a proximate cause of injury to the licensee or invitee. (27)

 Genzer's petition begins by stating that his suit is being brought "due to the death
of Regina Genzer, personal injuries sustained by Elizabeth Genzer, and emotional
suffering sustained by Plaintiffs as a result of an auto-pedestrian incident." The petition
then goes on to state the following points of law and fact: (1) a portion of County Road 156
had washed out; (2) the washout constituted a special defect; (3) the County knew of the
washout; (4) the County breached its duty "to make the conditions safe and to adequately
warn of these risks and dangers"; (5) the County's liability arises, in part, from "the
placement of inadequate warning signs/barricades/lighting," "the failure to maintain
signs/warnings that were placed," using "signs that did not illuminate and/or [were] not
reflective," and not placing additional signs "to warn that the road was closed "; and (6) this
"was a proximate cause of the [incident] in question."

 The petition, however, does not state facts that assist the reader in understanding
how the "auto-pedestrian incident" occurred. No facts are provided relating to the driver,
the vehicle, or the pedestrian; the reader is actually forced to speculate as to whether
Regina and Elizabeth Genzer were the pedestrians or the occupants of the vehicle
involved in the incident. The petition does not assert that the incident was a direct result
of the washout; instead, the petition claims the incident occurred because of the County's
negligent placement of signs and barricades. The petition, however, does not provide facts
revealing the manner in which the County's negligence affected the parties to the incident
so as to proximately cause the occurrence in question.

 As stated earlier, "[w]hen a plea to the jurisdiction challenges the pleadings, we
determine if the pleader has alleged facts that affirmatively demonstrate the court's
jurisdiction to hear the cause." (28) This inquiry becomes meaningless, though, if a pleader
must only assert pleadings comprised of vague, conclusory statements to establish
jurisdiction. While Genzer's petition is not this egregious, it does rely solely on a
conclusory statement to satisfy the proximate cause element necessitated by section
101.021(2). Proximate cause, however, is not adequately alleged by simply including the
term in one's pleadings; to overcome a court's presumed lack of jurisdiction over a
governmental entity, an allegation of proximate cause demands the accompaniment of
facts so the court may assess the existence of cause-in-fact and foreseeability. (29) 
Furthermore, though this Court is to construe the pleadings liberally in favor of the plaintiffs
and look to the pleaders' intent, this should not require that we create and add facts to the
plaintiffs' pleadings so that the trial court's jurisdiction is invoked. Accordingly, we find that
Genzer's petition does "not contain sufficient facts to affirmatively demonstrate the trial
court's jurisdiction." (30)

 In the instant case, the trial court did not determine that the County's plea to the
jurisdiction was meritorious; consequently, Genzer was not put on notice that his pleadings
were deficient. (31) As a result, and because we determine that Genzer's pleadings do not
affirmatively demonstrate an incurable jurisdictional defect, but merely a pleading
deficiency, we find that Genzer should be afforded an opportunity to amend his
pleadings. (32)

Conclusion

 We reverse the judgment of the trial court and remand for further proceedings in
accordance with this opinion.

 

 LINDA REYNA YAÑEZ,

 Justice




Memorandum Opinion delivered and filed 

this the 20th day of December, 2007. 
1. William Genzer is the husband of decedent, Regina Genzer, and the natural parent of Elizabeth and
William Rudolph Genzer. Rudolph and Veronica Prihoda are the natural parents of decedent, Regina Genzer.
2. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006).
3. See Kinney County Groundwater Conservation Dist. v. Boulware, No. 04-07-00079-CV, 2007 Tex.
App. LEXIS 5559, at **22-23 (Tex. App.-San Antonio July 18, 2007, no pet.); Austin Indep. Sch. Dist. v.
Lowery, 212 S.W.3d 827, 834 (Tex. App.-Austin 2006, pet. denied); Brenham Housing Auth. v. Davies, 158
S.W.3d 53, 61 (Tex. App.-Houston [14th Dist.] 2005, no pet.); City of Dallas v. First Trade Union Sav. Bank,
133 S.W.3d 680, 686-87 (Tex. App.-Dallas 2003, pet. denied).
4. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).
5. Appellant's Brief, pp. 9-11. A review of this argument naturally encompasses a review of the
County's argument that Genzer's "pleadings are devoid of any factual reference to the cause of [the Genzer
family's] injuries." Id. at pp. 15-16.
6. Id. at pp. 12-14.
7. Id. at pp. 14-15.
8. Id. at pp. 15-16.
9. Id. at p. 17.
10. The County raised five special exceptions to Genzer's second amended petition. The County's plea
expressly incorporated these special exceptions. Accordingly, the County's plea asserted, via "Special
Exception No. 4" and "Special Exception No. 5," that Genzer had failed to plead facts demonstrating waiver
of immunity for premise defect and special defect.
11. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999).
12. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).
13. Travis v. City of Mesquite, 830 S.W.2d 94, 104 (Tex. 1992).
14. See Tex. Ass'n of Bus., 852 S.W.2d at 446.
15. Miranda, 133 S.W.3d at 226.
16. Id. at 226-27 (citations omitted).
17. Appellant's Brief, p. 10.
18. Id. at p. 16.
19. Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).
20. See Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542-43 (Tex. 2003); Miller, 51 S.W.3d
at 587; Tex. Ass'n of Bus., 852 S.W.2d at 446.
21. Tex. Ass'n of Bus., 852 S.W.2d at 446.
22. Miranda, 133 S.W.3d at 238 (Jefferson, J., dissenting) (citations omitted).
23. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).
24. Id. at § 101.021(1).
25. Id. at § 101.021(2).
26. Id. § 101.022 (Vernon Supp. 2006); State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d
235, 237 (Tex. 1992) (op. on reh'g).
27. Payne, 838 S.W.2d at 238.
28. Miranda, 133 S.W.3d at 226.
29. Proximate cause consists of both cause-in-fact and foreseeability. Travis, 830 S.W.2d at 98. 
Cause-in-fact is established when the act or omission was a substantial factor in bringing about the injury
without which the harm would not have occurred. West Invs., Inc. v. Urena, 162 S.W.3d 547, 551 (Tex. 2005). 
This element cannot be established by mere conjecture, guess, or speculation. Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). Though "Texas courts routinely hold that proximate causation
is a fact question within the jury's province," Berry Prop. Mgmt. v. Bliskey, 850 S.W.2d 644, 656 (Tex.
App.-Corpus Christi 1993, writ dism'd by agr.), proximate cause can become a question of law "if the
circumstances are such that . . . reasonable minds could not arrive at different conclusions." Mo. Pac. R.R.
Co. v. Am. Statesman, 552 S.W.2d 99, 104-05 (Tex. 1977).
30. In making our holding today, we do not wish to signify that in order to invoke the trial court's
jurisdiction in a suit against a governmental unit, a plaintiff's petition must contain every minute factual detail
relating to a claim. The lack of factual details in the instant case is, for reasons already discussed, peculiarly
problematic. While it is our desire to construe pleadings in a manner so as to do substantial justice, we must
remain cautious that we are not inevitably protracting the administration of justice in the process. See Brown
v. Texas Dep't of Trans., 80 S.W.3d 594, 599 (Tex. App.-Corpus Christi 2000) (finding that "[w]hile [the
plaintiffs, Brown's survivors,] do not explicitly state that Brown lacked prior knowledge of the malfunctioning
lights, such lack of knowledge is implicit from a total reading of the pleadings"), aff'd, County of Cameron v.
Brown, 80 S.W.3d 549, 558-59 (Tex. 2002) (reversing and remanding to the trial court upon finding that the
plaintiffs had failed to allege that Brown did not actually know of the malfunctioning lights, and disagreeing with
this Court's conclusion that this element can be inferred from the pleadings).
31. Tex. A&M Univ. Sys. v. Koseoglu, 167 S.W.3d 374, 383-84 (Tex. App.-Waco 2005), aff'd in part
and rev'd in part, No. 05-0321, 2007 Tex. LEXIS 838 (Tex. Sept. 7, 2007).
32. See County of Cameron, 80 S.W.3d at 559.