Opinion issued September 4, 2008









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00220-CV






HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NUMBER 156,
Appellant


V.


UNITED SOMERSET CORPORATION, Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2005-51279






O P I N I O N


 In this interlocutory appeal, appellant, Harris County Municipal Utility District
Number 156 ("the District"), appeals from the trial court's order denying its plea to
the jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon
2008). (1) Appellee, United Somerset Corporation ("United Somerset"), filed suit
against the District for breach of contract, quantum meruit, and a declaration of the
parties' rights under a purported contract with the District. In three issues on appeal,
the District contends that the trial court erred by denying its plea to the jurisdiction
because (1) "the District did not approve any contract with United Somerset and
therefore did not waive immunity from suit," (2) United Somerset failed to exhaust
its administrative remedies before the Texas Commission on Environmental Quality
("TCEQ"), and (3) there is no waiver of sovereign immunity for the quantum meruit
claim. In addition, in its reply brief, the District asserts that this suit is not ripe for
adjudication. 

 We conclude that this suit is not ripe. We therefore reverse and remand.Background The District was a municipal utility district created in 1980 pursuant to an order
of the Texas Water Commission, which is now known as TCEQ. On February 3,
1986, the District and United Somerset entered into an agreement entitled "Water,
Sewer and Drainage Improvement Financing and Construction Contract." The
District's vice-president and secretary signed the agreement. However, the Board of
Directors for the District was never called upon to ratify, approve or authorize the
agreement with United Somerset.

 Under the terms of the agreement, the developer financed the construction of
utilities that the District agreed to later purchase by reimbursing approximately 70
percent of the developer's costs out of the proceeds of bond sales. The agreement
called for the sale of bonds after houses, in numbers sufficient to provide an adequate
tax base in the District, were built. The agreement defined United Somerset as a
developer, stating that United Somerset planned to develop a subdivision with
residential and commercial improvements. However, United Somerset did not own
any property within the District. According to the District, "Section 3.03 of the
purported agreement, if it was a valid agreement, required United Somerset to convey
all rights, title and interest in the constructed utilities to the District."

 United Somerset constructed various utility improvements. United Somerset
claimed that it received engineering approval of the plans and specifications from the
District's engineer. During construction, United Somerset provided documentation
regarding the construction to, and received approval from, the engineer, the attorney
for the district, and the TCEQ's predecessor agency. United Somerset incurred
$2,220,431 in construction costs for the improvements. 

 By early 2006, a sufficient number of houses had been built in the District to 
provide a tax base. The District requested United Somerset to provide documentation
to support the District's application to get approval from TCEQ to issue bonds. The
District submitted a $2,750,000 bond application to TCEQ to cover the costs of the
improvements. The application was supported by United Somerset's documents
showing the cost of constructing the improvements, as well as by the agreement with
United Somerset. The TCEQ approved the District's bond application on October 4,
2006.

 In August 2005, over a year before TCEQ approved the bond application in
October 2006, United Somerset filed these claims for breach of contract, quantum
meruit, and a declaratory judgment to establish the validity of the agreement and its
right to future payments from the bond proceeds. The District answered with a
general denial, and several affirmative defenses, including that there was no waiver
of the District's sovereign immunity, that United Somerset's claims were not ripe for
adjudication, and that the TCEQ had exclusive original jurisdiction over United
Somerset's claims.

 Copper Lakes Development, L.P. filed a "Plea in Intervention and Application
for Declaratory Relief," alleging that it was the "developer" and owner of the land on
which United Somerset's facilities were constructed, and, therefore, it was entitled
to the payment from the bond proceeds sought by United Somerset. However,
Copper Lakes agreed with the District that proper jurisdiction was with the TCEQ. (2) 

 The District filed a plea to the jurisdiction, contending that the District is (1)
generally immune from all suits, except where there is a specific waiver of immunity,
and (2) immune from United Somerset's claims because the two people who signed
the agreement for the District were an insufficient number of board members required
to enter into a contract with United Somerset. The District also asserted that
jurisdiction to decide any dispute about reimbursement of construction costs between
a developer and a utility district lies with the TCEQ.

 In response, United Somerset asserted that the trial court had jurisdiction
because (1) municipal utility districts have waived immunity specifically for breach
of contract actions and the agreement here is a valid contract, and (2) the TCEQ does
not have exclusive jurisdiction of a contract dispute between a developer and a
municipal utility district.

Ripeness 

 On appeal, the District asserts this case is not ripe for adjudication. However,
that assertion was not made to the trial court. We must (A) determine whether we
have jurisdiction to address the question of ripeness in this interlocutory appeal, and, 
if we determine we have jurisdiction, then (B) decide if the lawsuits for breach of
contract and quantum meruit are ripe, and (C) decide if the lawsuit for declaratory
judgment is ripe.

 A. Our Jurisdiction Over Interlocutory Appeal 

 At the outset, we address whether we have jurisdiction in this interlocutory
appeal to address the issue of ripeness, which is a matter asserted by the District on
appeal but was not presented in the District's plea to the jurisdiction before the trial
court.

 We conclude we have jurisdiction in this interlocutory appeal to address
ripeness, even though that matter was not part of the plea to the jurisdiction. See City
of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 313 (Tex.
App.--Houston [1st Dist.] 2001, pet. denied) (addressing merits of sovereign
immunity challenge, although only standing was raised in plea to jurisdiction before 
trial court). In Northwood, we explained, "Although the City did not raise sovereign
immunity in the trial court, a governmental entity's immunity from suit is a
jurisdictional issue that may be raised for the first time on appeal." Id. (3) 

 We follow our precedent in Northwood. See id. We conclude that Northwood
correctly states the duty of the court of appeals to address issues affecting subject
matter jurisdiction, even when not raised in a plea to the jurisdiction. See Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000). In Gibson, Waco
Independent School District filed a motion to dismiss for want of jurisdiction,
asserting that Gibson had failed to exhaust administrative remedies. Id. The trial
court granted the motion, in part, dismissing all but one of Gibson's claims. Id. On
interlocutory appeal, the school district asserted both ripeness and standing as
additional grounds to affirm the trial court's dismissal, although neither issue was
raised before the trial court. Id. The court of appeals declined to address either
ripeness or standing, concluding that because the school district failed to raise these
issues before the trial court they were not "properly preserved for our review." 
Gibson v. Waco Indep. Sch. Dist., 971 S.W.2d 199, 200 (Tex. App.--Waco 1998),
vacated by Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849 (Tex. 2000). The
supreme court concluded that the court of appeals erred by failing to reach the
ripeness and standing issues, noting that "because subject matter jurisdiction is
essential to the authority of a court to decide a case, it cannot be waived and may be
raised for the first time on appeal." Gibson, 22 S.W.3d at 851(emphasis added). We
hold that we have jurisdiction in this interlocutory appeal to address ripeness, even
though that matter was not part of the plea to the jurisdiction before the trial court. 
See id.

 B. Ripeness of Breach of Contract and Quantum Meruit Claims

 In its answer to the lawsuit, the District contends that United Somerset's claims
are not ripe for adjudication. That position is also urged in its reply brief, where the
District asserts that

 United Somerset chose to sue the District before the District even had
approval for the bond application, claiming "anticipatory breach of the
contract." The District has not yet sold the bonds and received any bond
proceeds, so it has not yet made any reimbursement decision. Therefore,
it is not only premature for the TCEQ to make a ruling on whether the
District made the proper reimbursement decision; it is premature for
United Somerset to have even brought this lawsuit.


United Somerset responds that the contract dispute is ripe for adjudication. United
Somerset states,

 Twenty years after United Somerset's construction of the utility
improvements the District submits its bond application, but still has not
made a decision as to who, United Somerset, Copper Lakes or neither,
is entitled to reimbursement out of the bond proceeds, nor if the
construction contract which was submitted to TCEQ is valid. If United
Somerset delayed in initiating this lawsuit until the District made its
determination that Copper Lakes, rather than United Somerset, was
entitled to the reimburseables and paid the bond proceeds to Copper
Lakes, then United Somerset would be without any effective remedy or
recourse to the disbursed funds. Therefore, United Somerset in
protecting its interest did not bring this lawsuit prematurely.


 Ripeness is a component of subject matter jurisdiction. Gibson, 22 S.W.3d at
850. "Ripeness, like standing, is a threshold issue that implicates subject matter
jurisdiction, and like standing, emphasizes the need for a concrete injury for a
justiciable claim to be presented." Id. (quoting Patterson v. Planned Parenthood of
Houston, 971 S.W.2d 439, 432 (Tex. 1998)). However, where standing concerns who
may bring an action, ripeness concerns when that action may be brought. Id. at 851. 

 In considering whether a claim is ripe, we consider whether, at the time a
lawsuit is filed, the facts are sufficiently developed "so that an injury has occurred or
is likely to occur, rather than being contingent or remote." Id. at 851-52 (quoting
Patterson, 971 S.W.2d at 442)). A claim is not ripe if it concerns "uncertain or
contingent future events that may not occur as anticipated or may not occur at all." 
Id. at 852 (quoting Patterson, 971 S.W.2d at 442). "A case is not ripe when
determining whether the plaintiff has a concrete injury depends on contingent or
hypothetical facts, or upon events that have not yet come to pass." Id. (citing
Patterson, 971 S.W.2d at 443). A threat of harm can constitute a concrete injury, but
the threat must be "direct and immediate" rather than conjectural, hypothetical, or
remote. Id. (citing Abbott Labs. v. Gardner, 387 U.S. 136, 152, 87 S. Ct. 1507
(1967)). 

 At the time this lawsuit was filed in August 2005, the District had not
submitted its application for approval of its bonds to the TCEQ. Consequently, the
District had not received, and United Somerset had not been denied, any proceeds
from the sale of bonds. Whether the District will sell the bonds and whether it will
or will not reimburse United Somerset are "uncertain or contingent future events that
may not occur as anticipated or may not occur at all." See id. Thus, United Somerset
has not yet sustained a concrete injury, nor is that possible future injury imminent. (4) 
See id. United Somerset acknowledges this in its response to the District's claims
that this controversy is not ripe, stating "the District . . . still has not made a decision
as to who . . . is entitled to reimbursement out of the bond proceeds . . . ." 

 We conclude that United Somerset's breach of contract and quantum meruit
claims are not ripe for adjudication. See Patterson, 971 S.W.2d at 443 (holding that
claim that depended on State's implementation of future plan was not ripe when State
had not adopted plan and plan's impact on federal funding had not been reviewed by
federal agency in charge of administering funds). We therefore hold that the trial
court lacks jurisdiction over the breach of contract and quantum meruit claims, and
we reverse the trial court's order denying the District's plea to the jurisdiction and
remand this cause to the trial court with instructions to dismiss United Somerset's
breach of contract and quantum meruit claims.



 C. Ripeness of Declaratory Judgment Act Claim 

 The remaining claim filed by United Somerset is the declaratory judgment
action, which the District also challenges on the grounds of ripeness. "A declaratory
judgment action does not vest a court with the power to pass upon hypothetical or
contingent situations, or to determine questions not then essential to the decision of
an actual controversy, although such questions may in the future require
adjudication." Tex. Health Care Info. Council v. Seton Health Plan, Inc., 94 S.W.3d
841, 846 (Tex. App.--Austin 2002, pet. denied); see also Empire Life Ins. Co. of Am.
v. Moody, 584 S.W.2d 855, 858 (Tex. 1979). A declaratory action need not concern
a present lawsuit but may include "threatened litigation in the immediate future that
seems unavoidable." See Peacock v. Schroeder, 846 S.W.2d 905, 912 (Tex.
App.--San Antonio 1993, no pet.). In other words, an action for declaratory
judgment is appropriate when the fact situation manifests the present "ripening seeds"
of a controversy. See Save Our Springs Alliance v. City of Austin, 149 S.W.3d 674,
683 (Tex. App.--Austin 2004, no pet.). Ripening seeds of a controversy "appear
where the claims of several parties are present and indicative of threatened litigation
in the immediate future which seems unavoidable, even though the differences
between the parties as to their legal rights have not reached the state of an actual
controversy." Tex. Dep't of Pub. Safety v. Moore, 985 S.W.2d 149, 154 (Tex.
App.--Austin 1998, no pet.) (quoting Ainsworth v. Oil City Brass Works, 271 S.W.2d
754, 761 (Tex. Civ. App.--Beaumont 1954, no writ)).

 Here, the threatened controversy is not unavoidable. If, after the bonds are
sold, the District's board meets and decides to pay the reimbursables to United
Somerset, then this current lawsuit would become moot. "[H]ypothetical or
contingent situations" such as this one are not ripe for a declaratory judgment action. 
See Patterson, 971 S.W.2d at 443 (holding that claim that depended on State's
implementation of future plan was not ripe when State had not adopted plan and
plan's impact on federal funding had not been reviewed by federal agency in charge
of administering funds); City of Anson v. Harper, 216 S.W.3d 384, 390-91 (Tex.
App.--Eastland 2006, no pet.) (holding that claims for declaratory judgment and
inverse condemnation based on city's construction and operation of landfill did not
present ripe controversy when city's application was still pending before TCEQ). We
therefore lack jurisdiction over United Somerset's declaratory judgment claim. See
Gibson, 22 S.W.3d at 850 (noting that ripeness is component of subject matter
jurisdiction). We reverse the trial court's order denying the District's plea to the
jurisdiction and remand this cause to the trial court with instructions to dismiss
United Somerset's declaratory judgment claim.


Conclusion

 We reverse the trial court's order denying the District's plea to the jurisdiction
and remand this cause to the trial court with instructions to dismiss United Somerset's
claims against the District.




 Elsa Alcala

 Justice




Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. Section 51.014 provides,


 (a) A person may appeal from an interlocutory order of a district
court, county court at law, or county court that:


 . . . .


 (8) grants or denies a plea to the jurisdiction by a
governmental unit . . . .


 Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon. 2008).
2. Copper Lakes filed an appellate brief stating that it "is not adverse" to the District. 
Copper Lakes's brief urges on appeal that we reverse the trial court's order that denies
the District's plea to the jurisdiction. Copper Lakes agrees with the District's
assertion that the District has not waived sovereign immunity and that only the TCEQ
has jurisdiction. 
3. The Dallas court of appeals criticized the Northwood case, emphasizing that the
interlocutory appeal statute is a narrow exception granting jurisdiction over
interlocutory appeals and must be construed strictly. City of Dallas v. First Trade
Union Sav. Bank, 133 S.W.3d 680, 687-88 (Tex. App.--Dallas 2003, pet. denied). 
Thus, the Dallas court concluded that it only had jurisdiction to address matters
actually raised in the plea to the jurisdiction. Id. at 688; see Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (providing for interlocutory appeal of order that "grants
or denies a plea to the jurisdiction by a governmental unit"). See also Kinney County
Groundwater Conservation Dist. v. Boulware, 238 S.W.3d 452, 461 (Tex. App.--San
Antonio 2007, no pet.) (citing and following First Trade Union Savings Bank); Austin
Indep. Sch. Dist. v. Lowery, 212 S.W.3d 827, 834 (Tex. App.--Austin 2006, pet.
denied) (same); Brenham Hous. Auth. v. Davies, 158 S.W.3d 53, 61 (Tex.
App.--Houston [14th Dist.] 2005, no pet.) (same).
4. On appeal, United Somerset relies on one of the District's answers to an interrogatory
to show that injury is imminent. The District's answer states,


 The District is now faced with competing claims for the payment of the
reimbursables and it will now be up to the court (or the agreement of all
the competing parties) to determine who, if anyone, owns the right to
receive the reimbursables.


 However, United Somerset does not provide a record citation for this interrogatory
answer, and it does not appear in the record before this Court. Therefore, we may not 
consider it. See Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.--Houston [1st Dist.]
1999, no pet.) (stating that appellate court cannot consider documents that do not
appear in record).