**CITY OF DALLAS, Appellant,**

v.

**FIRST TRADE UNION SAVINGS BANK, Appellee.**

No. 05–02–00953–CV.

Court of Appeals of Texas, Dallas.

July 25, 2003.

Rehearing Overruled Sept. 4, 2003.

Charles Estee, Assistant City Attorney, Dallas, for Appellant.

Van Alan Cates, Houston, for Appellee.

Before Justices MOSELEY, LANG and LAGARDE.[1]

## OPINION

Opinion By Justice MOSELEY.

The City of Dallas (the "City") filed a plea to the jurisdiction, asserting the trial court lacked subject-matter jurisdiction over this suit because appellee, First Trade Union Savings Bank (the "Bank"), lacked standing to sue the City, or in the alternative, because the Bank's claims sounded in tort and were barred by governmental immunity. The trial court denied the City's plea to the jurisdiction. In this interlocutory appeal, the City again asserts that the Bank lacks standing to sue and that the Bank's tort claims are barred by governmental immunity. Additionally, for the first time, the City asserts that all of the Bank's claims, tort or otherwise, are barred by governmental immunity. We have jurisdiction over this interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003). We affirm the trial court's order denying the City's plea to the jurisdiction.

## BACKGROUND

The record reflects that in 1992 the City contracted with Computer Engineering Associates, Inc. ("CEA") for the installation of an access control security system at the City's Love Field airport. Pursuant to a contract with CEA, Amwest Surety Insurance Company ("Amwest") agreed to provide a payment and performance bond for the project. In 1994, the City declared CEA in default and made a claim on the performance bond against Amwest for completion of the project. Amwest performed under the terms of the bond and arranged to complete the installation project.

In 1995, CEA entered into a lending agreement with the Bank. As part of the agreement, the Bank acquired a security interest in CEA's accounts receivables, consisting, in part, of contractual agree-

1. Honorable Justice Ed Kinkeade participated in the original submission of this case on November 13, 2002. However, because Justice Kinkeade retired from this Court on No-vember 18, 2002, Justice Lagarde is participating by assignment and has reviewed the briefs and record in the case.

ments with private and governmental entities. Within a year, CEA defaulted on the Bank's loan and filed for bankruptcy. The bankruptcy court granted the Bank's motion to lift the automatic stay, allowing the Bank to liquidate its security interests and to exercise all its rights and remedies in connection with CEA's contracts.

The Bank sued the City, alleging that: (1) the Bank had a security interest in CEA's contract with the City, and that the bankruptcy court's order lifting the automatic stay caused an assignment to take place to the Bank of CEA's rights in the Love Field installation contract; and (2) the City had breached its contract with CEA by wrongfully declaring CEA in default on the Love Field project. Based on these allegations, the Bank asserted that the City had materially breached the contract with CEA in several ways; that it had breached the warranty of specifications in the contract by providing defective design specifications; and that the City's actions had led to its unjust enrichment at the expense of CEA. The City responded to the Bank's suit and moved for summary judgment, which was denied.

Thereafter, the City filed a plea to the jurisdiction. It asserted that the Bank had no standing to assert CEA's claims against the City because any such claims had been previously assigned to Amwest. It also asserted that the Bank's claims were tort claims, and thus were barred by governmental immunity. The Bank responded that its claims were not tort claims barred by governmental immunity. The Bank also asserted that CEA had not waived or assigned its contractual claims against the City to Amwest, and that the City's agreement with Amwest recognized those claims remained in existence. The trial court denied the plea, and the City filed this interlocutory appeal.

## JURISDICTION

 Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). As a question of law, we review the trial court's ruling on such a plea de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not look at the merits of the plaintiff's case but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The plaintiff has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (per curiam). "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency," and the trial court should not grant a plea to the jurisdiction until the plaintiff has an opportunity to amend. *See County of Cameron*, 80 S.W.3d at 555 (citing *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–05 (Tex.1989)). However, if the pleadings affirmatively negate a court's subject-matter jurisdiction, then the trial court may grant a party's plea to the jurisdiction without providing an opportunity to amend. *Id.*

 Standing is a component of subject-matter jurisdiction and is reviewed under the same standard. *Tex. Ass'n of Bus.*, 852 S.W.2d at 445–46. To establish

standing, the plaintiff must show: (1) a real controversy exists between the parties; and (2) the controversy will actually be determined by the judicial relief sought. *Id.* However, some standing questions require a trial court to consider evidence, in addition to the pleadings, before the court can determine whether it has subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). A trial court has the discretion to determine a standing issue at a preliminary hearing or wait until the merits of the case have been more fully developed. *Id.* at 554.

### Standing

The City asserts in its first issue that the trial court erred by denying its plea to the jurisdiction because the Bank lacked standing to bring this suit. Specifically, the City contends that the Bank lacked standing because: (1) when CEA defaulted on the contract before the Bank acquired a security interest in CEA's accounts receivables, any rights that CEA had in the Love Field installation contract were previously transferred to Amwest; (2) that the contract prevented CEA from assigning its interest in the contract to the Bank; and (3) that the bankruptcy court's order lifting the automatic stay did not assign CEA's rights in the contract to the Bank.

■ Due to the nature of the City's challenges to the Bank's standing in this case, we conclude the trial court would have to consider evidence before it could determine the City's contentions that the

Bank lacked standing. *See Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. Thus, we conclude the trial court did not abuse its discretion by denying the City's plea to the jurisdiction until the merits of the case are more fully developed. *See id.* at 554. Consequently, we resolve the City's first issue against it. *See id.*

### Governmental Immunity from Suit

The City's second issue argues that governmental immunity bars the Bank's claims in whole or in part. The City asserted below, and asserts now, that the Bank's claims sounded in tort and were barred by governmental immunity (immunity from suit).[2] The Bank responded below, and here, that its claims are for breach of contract, and not claims in tort. The City also raises, for the first time on appeal, that *all* of the Bank's claims, tort or otherwise, are barred by governmental immunity because the Bank did not plead any waiver of immunity from suit.

■ Sovereign immunity protects the state, state agencies, and other governmental entities from lawsuits for damages.[3] *Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 594 (Tex. 2001). Cities are generally considered agents of the state for purposes of governmental immunity when exercising governmental powers for a public purpose. *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth,* 22 S.W.3d 831, 840 (Tex.2000); *City of LaPorte v. Barfield,* 898 S.W.2d

2. Only immunity from suit implicates subject matter jurisdiction and is the proper subject of a plea to the jurisdiction. *See Jones,* 8 S.W.3d at 638. Immunity from liability is an affirmative defense and may be waived, thus it does not deprive a court of subject matter jurisdiction and may not be raised in a plea to the jurisdiction. *Id.*

3. The terms sovereign immunity and governmental immunity are often used synonymous-

ly, but there is a distinction. Sovereign immunity refers to the State's immunity from suit and liability, and protects the State and its divisions. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003). Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Id.* We use the term governmental immunity in this opinion because we are dealing with a city.

288, 291 (Tex.1995). Governmental immunity encompasses two principles: immunity from liability and immunity from suit. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from suit protects the state from being sued without its consent. *Jones*, 8 S.W.3d at 638. Absent the state's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* Therefore, immunity from suit is properly asserted in a plea to the jurisdiction. *Id.* at 639. Immunity from liability protects the state from liability even if the Legislature has expressly consented to suit. *Id.* at 638. However, immunity from liability is an affirmative defense and does not affect a court's jurisdiction to hear a case. *Id.* In considering a plea to the jurisdiction we are only concerned with immunity from suit.

*Immunity from Suit in Tort Claims*

The City argues that the trial court erred by denying the City's plea to the jurisdiction because immunity from suit bars the Bank's tort claims. Specifically, the City asserts the Bank's wrongful claim on bond cause of action, even though couched as a breach of contract claim, sounds in tort and is not within the limited waiver of immunity contained in the Texas Tort Claims Act (TTCA). TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–101.109 (Vernon 1997 & Supp.2003). The City further asserts that Texas does not recognize a wrongful termination and wrongful claim on a bond cause of action.

 The City may not address the merits of whether a particular cause of action exists in a plea to the jurisdiction. *See County of Cameron*, 80 S.W.3d at 555. Without considering the merits of the Bank's claims, it appears those claims, as pleaded, are not claims sounding in tort. The Bank alleged claims for breach of contract, breach of warranty, and unjust enrichment. These claims all arise out of the contracts and alleged obligations of the parties under the contracts. The Bank is seeking to recover economic damages or the benefit of its bargain, as alleged assignee of CEA. The Bank did not seek to recover damages for personal injury, death, or injury to property. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021. Thus, the trial court did not err in rejecting the City's argument that the claims were tort claims which did not fall within the limited waiver of immunity from suit and liability contained in the TTCA. The City has failed to show the trial court erred in denying the plea to the jurisdiction.

*Pleading Waiver of Immunity from Suit*

 The City also asserts that the Bank failed to meet its burden of pleading a waiver of immunity from suit. A plaintiff has the burden to establish a waiver of immunity from suit. *Jones*, 8 S.W.3d at 638. Generally, a plaintiff may establish a waiver of immunity from suit by alleging either a statute or expressed legislative permission. *Id.; but see Mo. Pac. R.R. Co. v. Brownsville Nav. Dist.*, 453 S.W.2d 812, 813–14 (Tex.1970) (holding that no allegation of consent to suit is required where there is a general statute authorizing the governmental entity to sue and be sued). The City did not raise this argument in its plea to the jurisdiction before the trial court.

 This is an appeal from an interlocutory order. A party may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001 [the Texas Tort Claims Act]." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8). Because the statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, we must give it a strict construction. *Tex. Dep't of Transp.*

*v. City of Sunset Valley,* 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.). The City did not argue in its plea to the jurisdiction that all of the Bank's claims are barred by governmental immunity. Therefore, the interlocutory order did not deny the plea to the jurisdiction on this basis and we do not have jurisdiction under section 51.014(a)(8) to review this argument. We acknowledge that subject matter jurisdiction "is never presumed and cannot be waived." *Tex. Ass'n of Bus.,* 852 S.W.2d at 443–44 (direct appeal to supreme court of judgment following bench trial). We do not presume subject matter jurisdiction in this case nor hold that subject matter jurisdiction has been waived. However, in an interlocutory appeal under section 51.014(a)(8), our jurisdiction is only to review the trial court's ruling on the plea to the jurisdiction filed below. Thus, we limit our discussion to the order denying the plea to the jurisdiction filed by the City, not to some plea never filed with the trial court.

The City cites a recent case holding governmental immunity can be raised for the first time on appeal from an interlocutory order denying a plea to the jurisdiction. *See City of Houston v. Northwood Mun. Dist. No. 1,* 73 S.W.3d 304, 313 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). *Northwood* was an interlocutory appeal of an order denying pleas to the jurisdiction challenging the plaintiffs' standing to sue. *Id.* at 307. Although the city had not raised governmental immunity in the trial court, the city argued on appeal the trial court should have granted the pleas to the jurisdiction because governmental immunity barred the suit. *Id.* at 313. Without discussing how a trial court could err in denying a plea to the jurisdiction on a ground never raised in the plea, the First Court of Appeals concluded the issue could be raised for the first time on appeal, citing *Jones. Id. Jones* was an interlocutory appeal from the denial of a

plea to the jurisdiction. However, there the issue of governmental immunity *had* been raised below in the plea to the jurisdiction. *Jones,* 8 S.W.3d at 637. Thus, the supreme court in *Jones* did not consider whether governmental immunity could be raised for the first time on an interlocutory appeal of an order denying a plea to the jurisdiction. Given the clear language in section 51.014(a)(8), we decline to follow *Northwood.*

 Moreover, a trial court may not grant a plea to the jurisdiction where a plaintiff fails to plead facts establishing jurisdiction without first allowing the plaintiff an opportunity to amend. *See County of Cameron,* 80 S.W.3d at 555. Because the City failed to raise this argument in the trial court, the Bank has never been given an opportunity to amend its petition to meet the City's challenge. More importantly, the City does not argue on appeal that the Bank's petition affirmatively negates the trial court's subject-matter jurisdiction or contains incurable defects in jurisdiction. *See id.; see also Goerlitz v. City of Midland,* 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, no pet.) (holding TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999) and city charter waived immunity from suit in breach of contract cases); *Knowles v. City of Granbury,* 953 S.W.2d 19, 23 (Tex.App.-Fort Worth 1997, writ denied) (same); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 165 (Tex.App.-Fort Worth 1992, appeal dism'd as moot) (same); *see also Webb v. City of Dallas,* 314 F.3d 787 794–95 (5th Cir.2002); 52 TEX. JUR. 3d *Municipal Corporations* §§ 477, 478 (1999) (citing section 51.075); *but see City of Dallas v. Reata Constr. Corp.,* 83 S.W.3d 392, 398 (Tex.App.-Dallas 2002, pet. filed) (in tort case section 51.075 and city charter do not waive immunity from suit). Thus, at most the City merely raises an issue of pleading sufficiency and has

not shown the trial court erred in denying the plea to the jurisdiction.

Because we have concluded the trial court did not err in denying the City's plea to the jurisdiction, we resolve the City's second issue against it.

## CONCLUSION

We conclude the trial court did not abuse its discretion by denying the City's plea to the jurisdiction until the merits of the case are more fully developed. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. Furthermore, because the Bank's claims are not claims sounding in tort, we further conclude that the trial court did not err by denying the City's plea to the jurisdiction based on the City's assertion that the Bank's tort claims are barred by immunity from suit. Lastly, in this interlocutory appeal, we do not have jurisdiction to consider an argument not raised in the City's plea to the jurisdiction based on immunity from suit. Even if we were to do so, the City is not entitled to its requested relief, dismissal of the case, without giving the Bank an opportunity to amend its petition.

Accordingly, we affirm the trial court's order denying the City's plea to the jurisdiction.