In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00015-CV

                                                ______________________________

 

 

                                        LARRY SANDERS,
Appellant

 

                                                                V.

 

      DAVID WOOD, D/B/A WOOD ENGINEERING COMPANY, Appellee

 

 

                                                                                                  


 

 

                                          On Appeal from the County Court at Law II

                                                             Gregg County, Texas

                                                    Trial Court No. 2007-2212CCL2

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








O P I N I O N

 

I.          Facts and Procedural Background

 

            David Wood,
a professional engineer, prepared plans for land development at the request of
Larry Sanders.  Sanders paid Wood
$123,714.00, but refused to pay the balance of $11,473.50.  Wood sued Sanders and alleged he was entitled
to the additional sum based on breach of contract, quantum meruit, and
promissory estoppel.  Sanders
counterclaimed, seeking not only to avoid paying the last invoice, but also
seeking to recover $53,038.56—the cost of hiring a different firm to redo the
engineering job.  Sanders alleged that
the plans prepared by Wood were not economically feasible for use and Wood’s
design for the project would cost $350,000.00 more than the design of the other
engineer.  Wood filed a motion to dismiss
Sanders’ counterclaim alleging that Sanders failed to file a certificate of
merit affidavit as required by Section 150.002 of the Texas Civil Practice and
Remedies Code.  The trial court granted in
part and denied in part the motion to dismiss, ruling that Sanders’
counterclaim would be limited as an offset to any award to Wood.

            Both
parties have filed an interlocutory appeal of the trial court’s ruling.  Sanders argues the trial court erred in
limiting the counterclaim to an offset of Wood’s claim.  Wood’s appeal argues the trial court erred in
failing to dismiss the counterclaim in its entirety because Sanders filed no
certificate of merit as required by statute. 
Tex. Civ. Prac. & Rem. Code
Ann. § 150.002 (West 2011).[1]

II.        Standard of Review 

 

            The ruling
is immediately appealable as an interlocutory order.  Tex.
Civ. Prac. & Rem. Code Ann. § 150.002(f).  However, in conducting such a review, we may
only address the subject of that order, and may not stray into any review of
the merits of the case.[2]
 In reviewing the trial court’s ruling,
courts have concluded that we apply the traditional abuse of discretion
standard, based on the fact that the predecessor to this recodification was
subject to such a type of review.  Natex Corp. v. Paris Indep. Sch. Dist.,
326 S.W.3d 728, 732 (Tex. App.—Texarkana 2010, no pet.); Palladian Bldg. Co. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no
pet.).  The trial court abuses its
discretion when it acts arbitrarily or unreasonably, or without reference to
any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985).  A trial court decision that
incorrectly determines what the law is or misapplies the law to facts will also
constitute an abuse of discretion.  Natex Corp., 326 S.W.3d at 731–32.

III.       Is a Certificate of Merit Required?

 

            The
issue is whether the “certificate of merit” statute applies in this suit, and
if its absence requires the suit to be dismissed in its entirety.  

            A.        The
Statute 

 

            The
governing statute is the version of Section 150.002(f) of the Texas Civil
Practice and Remedies Code that was in effect when this suit was brought in
2007.  It has since been substantively
amended in a manner that directly impacts the issues here raised.  The statute, in relevant part, reads as
follows:

(a)
In any action or arbitration proceeding
for damages arising out of the provision of professional services by a design
professional, the plaintiff shall be required to file with the complaint an
affidavit of a third-party licensed architect or licensed professional
engineer competent to testify, holding the same professional license as, and
practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent
act, error, or omission claimed to exist and the factual basis for each such
claim.  The third-party professional
engineer or licensed architect shall be licensed in this state and actively
engaged in the practice of architecture or engineering.

 

                        .
. . .

 

(d)
The plaintiff’s failure to file the affidavit in accordance with Subsection (a)
or (b) shall result in dismissal of the complaint against the defendant.  This dismissal may be with prejudice.

 

(e)
An order granting or denying a motion for dismissal is immediately appealable
as an interlocutory order.

 

                        .
. . .

 

(g)
This statute does not apply to any suit or action for the payment of fees
arising out of the provision of professional services.

 

Act of May 18, 2005, 79th Leg.,
R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. § 150.002(a), (b) (West 2011) (emphasis added).

            Wood filed
suit on October 2, 2007.  Sanders filed a
counterclaim alleging that Wood had breached his contract (failure of
consideration) by developing plans that were “economically unfeasible” and
“were not the quality of services to which he was entitled and for which he
paid.”  Sanders argues he was not
required to file a certificate of merit because he has brought non-negligence
claims arising out of engineering fees.  

            Wood argues
that we should follow the first part of the first paragraph of the statute,
while disregarding other portions of the statute.  Section (a) of the statute requires a
certificate of merit for any action, for damages, arising out of the provision
of professional services by a licensed or registered professional.  He then alternatively argues that we should
disregard the final paragraph—which contains the “dispute over fees” language,
and find that the trial court abused its discretion by failing to dismiss the
entire Sanders counterclaim.  

            B.        Authorities
 

 

            This Court
and the majority of Texas Courts of Appeals that have addressed whether Section
150.002 requires a certificate of merit only in relation to negligence claims
have held that (in the version applicable between September 1, 2005 and August
31, 2009) the statute required the affidavit only in cases involving “negligence
or claims based on negligent acts.”  Natex Corp., 326 S.W.3d at 733; see also Curtis & Windham Architects,
Inc. v. Williams, 315 S.W.3d 102, 108 (Tex. App.—Houston [1st Dist.] 2010,
no pet.); Parker County Veterinary Clinic
v. Batenhorst, Inc., No.
02-08-380-CV, 2009 WL 3938051, at *3 (Tex. App.—Fort Worth Nov. 19, 2009, no
pet.) (mem. op.); Landreth v. Las Brisas
Council of Co-Owners, Inc., 285
S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.); Kniestedt v. Sw. Sound & Elecs., Inc., 281 S.W.3d 452,  455 (Tex.
App.—San Antonio 2007, no pet.).  

            The Austin court
has recently reversed its own prior opinion and held otherwise.  S &
P Consulting Eng’rs v. Baker, 334 S.W.3d 390, 404 (Tex. App.—Austin 2011,
no pet.).  Relying on the 2009 legislative
history to read into the intent of the 2005 and 2009 amendments, the Austin
Court in S & P Consulting Engineers overruled its own previous
opinion by holding that a certificate of merit is required “in any action for
damages arising out of the provision of professional services by a design
professional—not just in actions alleging negligence.”  334 S.W.3d at 404.  In doing so, it decided that the application
of the rules of grammar to the “negligent act, error or omission” language in
(a) was inappropriate when that application did not appear to be consistent
with the result desired by the first sentence of (a) (proceeding out of the provision
of professional services).  

            This
disagreement stems from the 2005 amendments made to the statute.  The amendment removed language from Section
150.002(a) explicitly limiting the certificate of merit requirement to actions
alleging professional negligence and requiring a certificate in “any action or
arbitration proceeding for damages arising out of the provision of professional
services.”  Act of May 18, 2005, 79th
Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009); S & P Consulting Eng’rs, 334 S.W.3d
at 399.  However, the legislature left
unchanged the language of Section 150.002(a) requiring the certificate to
allege “at least one negligent act, error, or omission.”  Act of May 18, 2005, 79th Leg., R.S., ch. 208,
§ 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009); S & P Consulting Eng’rs, 334 S.W.3d at 399.  The Parker
County court made a compelling argument for applying the law only to
negligence claims by pointing out that requiring a certificate setting forth “at
least one negligent act, error, or omission” where there is no negligence claim
would “require an affidavit that had no relevance to the suit and would render
the statute meaningless.”  2009 WL
3938051, at *3.  The S & P Consulting Engineers court chose to rectify this apparent
contradiction by disregarding a grammatical rule of construction and deciding
that the adjective “negligent” only modified “act,” rather than “act, error, or
omission” in Section 150.002(a).  334
S.W.3d at 403 (allowing a certificate to delineate either a negligent “act” or
in a non-negligence case the “error or omission”).  This allowed the court to reconcile the
conflict between the apparent meaning of the plain language and what that court
believed the Legislature intended.  Id. 

            We find the Austin court’s reasons
for the reversal of its position unpersuasive. 
We will not utilize the legislative history for a later statutory
amendment to determine why an earlier, different Legislature had taken a
particular act.  We also note that the
rules of grammar, in a profession based upon the use of words, are neither
unimportant nor to be ignored.  We
therefore continue to hold that under the September 1, 2005, version of the
statute, the certificate of merit requirement applies only to negligence
claims.  Natex Corp., 326 S.W.3d at 733. 


            C.        Does
the Counterclaim Involve Tort or Contract?

 

            This Court,
following precedent from other Texas appellate courts, has held that this
statute “applies only to negligence claims and not to claims based on contract.”  Id.   If
this statute does not apply, Sanders was not required to file a certificate of
merit and his counterclaim should be allowed to proceed in its entirety.  The question before us is whether the
allegations in Sanders’ counterclaim are based on the negligence of Wood or only
on contractual obligations.  

            We do not
address this issue in a vacuum.  The Texas
Supreme Court has repeatedly analyzed the distinction between torts and
contracts.

            Over
the last fifty years, this Court has analyzed the distinction between torts and
contracts from two different perspectives.  At first, we merely analyzed the source of the
duty in determining whether an action sounded in tort or contract. For
instance, in International Printing
Pressmen & Assistants’ Union v. Smith, 145 Tex. 399, 198 S.W.2d 729,
735 (Tex. 1946), this Court held that “an action in contract is for the breach
of a duty arising out of a contract either express or implied, while an action
in tort is for a breach of duty imposed by law.” Id. (quoting 1 C.J.S. Actions § 44).

 

            Later,
we overlaid an analysis of the nature of the remedy sought by the plaintiff.  In Jim
Walter Homes, Inc. v. Reed, 711
S.W.2d 617 (Tex. 1986), we recognized that, while the contractual relationship
of the parties could create duties under both contract law and tort law, the “nature
of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to
the subject of a contract itself, the action sounds in contract alone.”  Id.
at 618.  Because a mere breach of
contract cannot support recovery of exemplary damages, and because the
plaintiffs did not “prove a distinct tortious injury with actual damages,” we
rendered judgment that the plaintiffs take nothing on their exemplary damages
claim.  Id.

 

Formosa Plastics Corp.
v. Presidio Eng’r, 960 S.W.2d 41, 45 (Tex. 1996). 

 

            The result
provides two factors to review in determining the nature of an action.  Under Formosa,
we consider (1) the source of the duty owed to plaintiff (was it based merely
on the contract and (2) the nature of the remedy sought (economic loss to the
subject of the contract means the action sounds in contract). 

            In
Natex, the Paris Independent School District
(PISD) contracted with Natex to prepare architectural designs for renovations
and new construction of school buildings. 
Written contracts were entered on each of the seven buildings and a new
stadium.  PISD gave Natex notice of
termination of the contracts for failure to provide documents for approval,
failure to provide a schedule, and for requests for payment for which it was
not entitled.  PISD filed suit alleging
Natex had breached the contracts.  PISD
alleged various violations of the contracts and the plans produced were “unusable.”
 Natex,
326 S.W.3d at 733.  PISD later amended
its suit—clearly adding negligence claims—and filed a certificate of merit at
that time.  Natex alleged PISD should have filed such
a certificate with the original suit.  In
Natex, we held that the requirement
of a certificate of merit applied only to negligence claims, not claims based
on contract.  Id. 

            In
determining whether PISD had an obligation to file the certificate with the
original petition, we undertook to decipher if the original claim was for
negligence or only for contractual violations. 
Natex argued that the original
petition alleged negligence actions when it asserted that the work of Natex was “untimely” and “unusable.”  We recognized that we were not bound by the
labels of the pleadings and looked to the body of the pleadings to determine
what the claim asserted.  Applying the Texas
Supreme Court’s analysis, we looked to see whether the causes of action
asserted arose only from a violation of a duty imposed by law (tort) or from a
duty imposed by contract.  In that case,
the duty was imposed by contract.  Id. 


            In
our analysis, we recognized that a contractual relationship between the parties
may create duties under both contract and tort law, and the party may breach
either or both duties.  Id. (citing Parker County Veterinary Clinic, Inc., 2009 WL 3938051).  We
found that even though PISD alleged the plans were so “untimely” and “unusable”
and “out of touch” with the available budget that they could not be used, the
basic duty flowed from the contract between the parties.  We further discussed that the parties had a
written contract that governed and included specific provisions, whereas in Ashkar Eng’g Corp. v. Gulf Chem. &
Metallurgical Corp., No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769
(Tex. App.—Houston [1st Dist. ] Feb. 4, 2010) the parties had no written
contract, and no specific provision of a contract giving rise to specific
duties to adequately design, engineer, etc. were alleged.  (In Ashkar
the court held that the pleadings of contract violations included “failing to
adequately monitor the work,” “failure . . . to properly supervise,” “or
properly test,” which the court found mirrored the negligence claims).  The damages sought in Natex were consequential damages and attorney’s fees recoverable in
a contract action.  The damages sought in
Ashkar were for repairs and
remediation, not economic loss related directly to the subject of the contract,
which suggested the claims did not sound in contract.  Id.
at *28.  So in Ashkar, the claims were for negligence and the failure to file the
certificate required dismissal.  Id. at *24.

            In this
case, there is no written contract.  The
complaint is similar to that in the Natex
case in that both allegations were that the plans as drawn were unusable and
were not economically feasible for the project. 
We recognize that a contractual relationship may create duties under both
contract and tort law.  In many cases,
the nature of the remedy is instructive. 
Natex, 326 S.W.3d at 734.  The allegations in the counterclaim were that
the plans by Wood made the proposed project economically unfeasible, which
required Sanders to hire another firm to revise the plans.  Sanders does not allege the plans were
prepared negligently or without due care, but that the plans were so
economically impractical as to be unusable for the project.  Woods performed the job based solely on the
agreement of the parties.  These
pleadings, even though there is no written contract, appear to be of a
contractual nature. 

            The second issue
is the nature of the remedy sought (economic loss to the subject of the
contract means the action sounds in contract). 
In Natex, we noted that the
damages sought were consequential damages for the increased costs of
construction due to the breach.  Id. at 730.  Here, we review the court’s ruling based on
the pleadings and evidence before it at the time of the hearing, on January 13,
2011.  See City of Houston v. O’Fiel, No. 01-08-00242-CV, 2009 Tex. App.
LEXIS 630 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, pet. denied) (mem. op.).  In the first amended counterclaim, Sanders
alleged that he and Wood had an agreement that he would prepare engineering and
surveying for the project and that after it was completed, the projected cost
as prepared was so high as to make the project economically unfeasible.  Sanders hired another firm, which revised the
plans (which were approved by the City), resulting in a $356,498.00 decrease in
the cost of the project.  A fair reading
of the counterclaim reflects that Sanders alleged the services provided under
the agreement were 

not the quality of services to which he was
entitled and for which he paid. Counter-Plaintiff had every reason to expect
that Counter-Defendant’s plans could be used for the proposed project and that
when used, the project would be economically feasible. 

 

Counter-Plaintiff has been damaged by having to
pay Dunn Engineering for services which he should not have had to pay.  His damages exceed $53,038.56 for which he
sues Counter-Defendant. 

 

            We find the
relief requested is based on an alleged breach of contract.  Although inartfully worded, the pleadings
quoted above seek recovery that could be based on a type of breach of warranty
(which is in this context clearly based upon the contractual agreement), a
failure of consideration, and a failure to provide the agreed-upon type of
plans.  The damages sought are
consequential damages of being required to employ an additional engineer to
prepare plans that allow the project to be economically feasible.[3]


            Thus, both
the source of duty and the type of relief sought are based in application of
contract law rather than tort law, and this action was therefore not properly
dismissible for failure to file a certificate of merit.  

            We
emphasize that we do neither by this opinion express any view as to the
ultimate terms of this apparent oral agreement as they may be proven to exist,
nor do we express any view as to which party (if either) may be able to recover
on their respective claims. 

            D.        Is This a Suit for Payment of Fees? 

 

            Section
150.002(g) has an explicit exception stating that a certificate of merit is not
required for lawsuits involving payment of fees arising out of the provision of
professional services.[4]  Wood and Sanders both appeal from the trial
court’s ruling regarding the “payment of fees” exception.  The trial court found that Sanders’
counterclaim was limited to an offset against 
Wood’s recovery.  Sanders argues
that the entire matter is a suit for the collection of fees for professional
services and therefore no certificate of merit is required.  Wood argues that the court erred in allowing
Sanders to assert any claim or offset.  

            If the suit
is one for the payment of fees, a certificate of merit is not required.  We have already concluded that the statute
does not require filing a certificate because the counterclaim involves
contractual claims, not negligence. 
Therefore, Sanders was not required to file a certificate of merit
regardless of whether this case is classified as a suit over the payment of
professional fees or not.  Consequently,
we do not address that issue.  

            We reverse the trial
court’s order limiting Sanders’ counterclaim as an offset only and remand for
further proceedings consistent with this opinion.

 

                        

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
27, 2011

Date Decided:             August
12, 2011

 











[1]We
note that a number of other matters are also posed which may not be reached by
this Court in this appeal from the ruling on jurisdiction.  Sanders filed an amendment to his answer and
counterclaim adding a claim for slander of title based on a mechanic’s and materialmen’s
lien filed on the title by Wood.  Both
parties agree that the slander of title claim is not subject to the certificate
of merit requirement.  

  





[2]City of Dallas v. First Trade Union Sav.
Bank, 133 S.W.3d 680, 686 (Tex. App.—Dallas 2003, pet. denied) (holding
that, in interlocutory appeal regarding city’s plea to the jurisdiction, court
could not address city’s argument that bank’s claims against city failed as a
matter of law because court may not reach the merits of the claims in
determining plea to the jurisdiction).  





[3]“When
the injury is only the economic loss to the subject of a contract itself, the
action sounds in contract alone.”  Jim Walter Homes, Inc. v. Reed, 711
S.W.2d 617, 618 (Tex. 1986).

 





[4]Wood’s
lawsuit against Sanders is couched solely as an attempt to obtain fees due but
unpaid, and is based on their contract. 
Although some types of potential relief under equitable theories of relief
are set out, they all revolve around the attempt to recover his fees under some
theory of law.