**REVERSED and REMANDED; Opinion Filed May 1, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01178-CV

**NATALIE L. HOLMES, Appellant**

**V.**

**SOUTHERN METHODIST UNIVERSITY, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-11311-M**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

Natalie L. Holmes ("Holmes") filed suit against Southern Methodist University ("SMU")

for breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act. SMU

filed a motion to dismiss for lack of subject matter jurisdiction and argued the claim was not ripe

because Holmes failed to exhaust all administrative appeals. The trial court granted SMU's

motion and dismissed the suit for lack of subject matter jurisdiction.

In her first issue, Holmes argues the trial court erred by granting SMU's plea to the

jurisdiction prior to compelling or conducting any discovery. In her second, third, fourth, fifth,

and sixth issues, Holmes contends the trial court erred by granting SMU's plea to the jurisdiction

because SMU failed to provide a legal basis for requiring Holmes to exhaust administrative

remedies prior to filing suit and failed to provide any evidence to prove there is no subject matter jurisdiction. We conclude the trial court erred by granting SMU's plea to the jurisdiction. Because all dispositive issues are clearly settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4

## I. FACTUAL & PROCEDURAL BACKGROUND

Holmes began her graduate studies at SMU in May 2003 in pursuit of a Master of Music degree in Music Education. After completing all graduate course requirements in July 2004, Holmes's only remaining requirement for graduation was passing the Graduate Comprehensive Exam ("GCE"). Holmes took the GCE in February 2005. When Holmes learned in March 2005 that she had failed the GCE and would not be awarded her graduate degree, she pursued academic appeals of the results of her GCE. She challenged the grading as arbitrary and capricious and objected to her Music History professor's refusal to allow her to review her Music History exam answers. SMU denied Holmes's appeals and encouraged her to retake the GCE. Holmes took the GCE a second time in February 2008 and received a failing score on the Music History component. Holmes appealed the results of her 2008 GCE, challenging the questions as "beyond the scope of [her] graduate coursework."

In April 2009, SMU offered a "revised GCE" to Holmes to be administered by telephone or over the internet. Holmes declined SMU's offers of a revised GCE and continued to appeal her 2008 GCE results. In August 2009, Holmes wrote a letter to SMU Provost Paul Ludden, in which she "demand[ed] a satisfactory and timely resolution to this situation," including award of her degree and compensation for damages incurred. After receiving no response to her August 2009 letter, Holmes inquired in October 2009 regarding the status of her appeal and was informed that her appeal had been referred to SMU's Office of Legal Affairs.

2

Holmes claims she received no response from SMU's Office of Legal Affairs. Then, Holmes filed suit for breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act in September 2010. After Holmes served SMU with her requests for discovery, SMU filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, in which SMU argued that because Holmes "failed to complete the appeal process and receive a final determination from SMU . . . [her] claims are not ripe and this Court lacks jurisdiction to hear them until [she] has completed the appellate process at SMU." Holmes then filed her Motion to Compel Discovery.

On August 19, 2011, the trial court held a hearing on SMU's motion to dismiss and Holmes's Motion to Compel Discovery. SMU argued Holmes had not exhausted her remedies at SMU before filing suit. Holmes contended SMU failed to provide any evidence of SMU's academic administrative procedure and what particular remedy Holmes allegedly had not exhausted. At the conclusion of the hearing, the trial court granted SMU's motion to dismiss without ruling on Holmes's Motion to Compel Discovery. In six issues, Holmes appeals the trial court's decision to grant SMU's plea to the jurisdiction.

## II. STANDARD OF REVIEW & APPLICABLE LAW

### A. Plea to the Jurisdiction

"A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction." *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004)). "Whether the trial court has subject matter jurisdiction is a question of law, which we review de novo." *Id.* (citing *Miranda*, 133 S.W.3d at 226). "When the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties when

3

it is necessary to resolve the jurisdictional issue." *Id.* (citing *Miranda*, 133 S.W.3d at 227). "This procedure generally mirrors that of a summary judgment under rule of civil procedure 166a(c)." *Id.* (citing *Miranda*, 133 S.W.3d at 228). "The plaintiff has the burden to plead facts affirmatively showing the trial court has subject matter jurisdiction." *Id.* (citing *Miranda*, 133 S.W.3d at 226). The defendant then has the burden to assert and support its contention, with evidence, that the trial court lacks subject matter jurisdiction. *Id.* (citing *Miranda*, 133 S.W.3d at 228). "If it does so, the plaintiff must raise a material fact issue regarding jurisdiction to survive the plea to the jurisdiction." *Id.* (citing *Miranda*, 133 S.W.3d at 228).

"In conducting our review, we construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent." *Id.* (citing *Miranda*, 133 S.W.3d at 226-27). "We consider the pleadings and the evidence pertinent to the jurisdictional inquiry." *Id.* at 102-03 (citing *Miranda*, 133 S.W.3d at 226-27; *City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686 (Tex. App.—Dallas 2003, pet. denied)). "If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied." *Id.* at 103 (citing *Miranda,* 133 S.W.3d at 227–28). "If the evidence is undisputed or fails to raise a fact issue concerning jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* (citing *Miranda*, 133 S.W.3d at 228). This standard "protect[s] the plaintiffs from having to 'put on their case simply to establish jurisdiction.'" *Id.* (quoting *Miranda*, 133 S.W.3d at 228).

"The trial court is allowed to conduct a hearing on a plea to the jurisdiction or motion to dismiss for lack of jurisdiction in a manner similar to how it hears a summary judgment motion, and may consider affidavits and other summary judgment-type evidence." *FKM P'ship Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 628 (Tex. 2008) (citing *Miranda,* 133 S.W.3d at 227). "Pleadings are not competent summary judgment evidence, even if sworn or

4

verified." *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487 (Tex. App.—Eastland 2012, no pet.) (citing *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.)). "Unverified documents attached to pleadings are not proper summary judgment evidence." *Id.* at 488 (citing *Rath v. State,* 788 S.W.2d 48, 50 (Tex. App.—Corpus Christi 1990, writ denied)). "Documents submitted as summary judgment proof must be sworn to or certified." *Id.* (citing TEX. R. CIV. P. 166a(f); *Llopa, Inc. v. Nagel,* 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied)). "Thus, unauthenticated or unsworn documents do not constitute competent summary judgment evidence." *Id.* (citing *Kleven v. Tex. Dep't of Criminal Justice–I.D.,* 69 S.W.3d 341, 345 (Tex. App.—Texarkana 2002, no pet.); *Llopa, Inc.,* 956 S.W.2d at 87).

### B. Ripeness & Exhaustion of Administrative Remedies

"Ripeness is 'a threshold issue that implicates subject matter jurisdiction . . . [and] emphasizes the need for a concrete injury for a justiciable claim to be presented.'" *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011) (quoting *Patterson v. Planned Parenthood of Hous. & Se. Tex.*, 971 S.W.2d 439, 442 (Tex. 1998)). In evaluating ripeness, an appellate court must consider "whether, *at the time a lawsuit is filed*, the facts are sufficiently developed 'so that an injury has occurred or is likely to occur, rather than being contingent or remote.'" *Id.* (emphasis in original) (quoting *Patterson*, 971 S.W.2d at 442) (citing *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000)).

"Generally, when an agency has exclusive jurisdiction over a dispute, a party is required to exhaust all administrative remedies before seeking judicial review." *Liberty Ins. Corp. v. Camero*, 360 S.W.3d 620, 622-23 (Tex. App.—Dallas 2011, no pet.) (citing *Suburu of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002)). "And until a party exhausts all

administrative remedies, a trial court lacks subject matter jurisdiction to consider the merits of a dispute." *Id.* at 623 (citing *Suburu*, 84 S.W.3d at 221-22).

### III. APPLICATION OF LAW TO FACTS

We address together Holmes's second, third, fourth, fifth, and sixth issues, which she summarizes as follows: the trial court erred by granting SMU's plea to the jurisdiction because SMU's affirmative defense of failure to exhaust administrative remedies was supported by only the arguments of SMU's attorneys. Holmes contends SMU failed to offer any evidence to establish the existence of any procedural requirements of its alleged appeal process or the "prescribed administrative remedies" at SMU.

SMU responds "[t]he undisputed evidence presented by SMU to the trial court—that Holmes has refused to re-take the Graduate Comprehensive Exam that is still being offered to her—prevents the claim from being ripe and precludes subject matter jurisdiction." According to SMU, its "policy allows for three opportunities to take the GCE," Holmes has taken the GCE twice, and "SMU continues to offer Holmes the opportunity to take the GCE, which Holmes has refused." SMU asserts that "the trial court properly considered the affidavit [submitted by SMU], along with the evidence submitted by Holmes, in considering SMU's Motion to Dismiss."

SMU's motion to dismiss includes a section that it labeled "Background Facts," which generally recited some alleged historical facts as to Holmes's failing the 2005 GCE, appealing that result, retaking the GCE in 2008, failing that examination, and appealing that result. No documents prescribing an administrative process and remedy that SMU alleges Holmes must follow are attached. The sole attachment to the motion is a short affidavit of Samuel S. Holland, who identified himself as the SMU Music Division Director. That affidavit states the following:

> My name is Samuel S. Holland. I am Director of the Music Division at the
> Meadows School of Arts at Southern Methodist University, and I have personal

knowledge of the facts stated in this affidavit and they are true and correct. I am over the age of 18, have never been convicted of a crime, and I am competent to make this affidavit.

Natalie Holmes has refused to take the Graduate Comprehensive Exam, which is still being offered to her.

The motion to dismiss concludes with the statement, "Because of Plaintiff's failure to exhaust her administrative remedies, this Court is without jurisdiction to hear this matter. Therefore, the Court should dismiss this lawsuit in its entirety."

At the same time as it filed its motion to dismiss, SMU filed a motion for protective order to stay Holmes's discovery requests that sought, inter alia, copies of the documents setting forth SMU's administrative procedures applicable to her GCE examinations. According to the briefs of the parties, no such documents were produced by SMU. At the hearing before the trial court on the motion to dismiss, Holmes argued that although SMU had the burden to show the trial court it does not have subject matter jurisdiction, SMU did not produce "one single piece of evidence as to what the academic administrative procedure would be in this case." SMU did not directly contest that argument.

SMU has made arguments to the trial court and in the briefs before this court that Holmes is subject to an administrative process and she has not exhausted the remedies provided for in that administrative process. However, the only document SMU attached to its motion to dismiss, the short and conclusory Holland affidavit, makes no showing to support its arguments. SMU has not met its burden as described by *Miranda* and *Heard* to produce evidence supporting its contention there is no jurisdiction, or in this case what administrative remedies Holmes has failed to exhaust, or that because of her failure to exhaust all administrative remedies her case is not ripe. *See Miranda*, 133 S.W.3d at 228; *Heard*, 252 S.W.3d at 102.

7

We conclude the trial court erred by granting SMU's plea to the jurisdiction and sustain Holmes's second, third, fourth, fifth, and sixth issues.

Holmes's second, third, fourth, fifth, and six issues are dispositive. We decide these issues in Holmes's favor. Accordingly, we do not reach Holmes's first issue.

## IV. CONCLUSION

We conclude the trial court erred when it dismissed Holmes's suit based on a finding it lacked subject matter jurisdiction. Accordingly, we reverse the trial court's order of dismissal and remand this case to the trial court for further proceedings.

/Douglas S. Lang/

DOUGLAS S. LANG

111178F.P05         JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATALIE L. HOLMES, Appellant

No. 05-11-01178-CV     V.

SOUTHERN METHODIST UNIVERSITY,
Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-11311-M.
Opinion delivered by Justice Lang.   Justices
Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant NATALIE L. HOLMES recover her costs of this appeal from appellee SOUTHERN METHODIST UNIVERSITY.

Judgment entered this 1st day of May, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

9