

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00234-CV

**THE CITY OF MADISONVILLE,**

                                      **Appellant**

 **v.**

**THERESA MURDERS AND MARTINA MALDONADO,**

                                      **Appellees**

_____

### From the 12th District Court
### Madison County, Texas
### Trial Court No. 11-12872-012-12

---

## MEMORANDUM OPINION

---

Theresa Murders and Martina Maldonado owned a beauty salon and dog grooming business. They sued the City of Madisonville and its contractor, Brazos Valley Services, for their part in the replacing and repairing of a City sewer line in front of the business. The City filed a plea to the jurisdiction alleging governmental immunity, and Murders and Maldonado amended their petition. The City filed another plea to the jurisdiction alleging governmental immunity which the trial court denied.

The City brings this interlocutory appeal.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(8) (West Supp. 2013).  Because the trial court erred in denying the plea to the jurisdiction, we reverse the trial court's order and render judgment that the claims against the City be dismissed with prejudice.

Sovereign immunity protects the State and its various divisions from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts.  *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)).  When dealing with these immunities, the Legislature has been required to express its intent to waive immunity clearly and unambiguously.  *Id.*  (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011) (codifying the clear and unambiguous standard)).

A valid immunity defense defeats the trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).  An order which grants or denies a plea questioning the trial court's jurisdiction is reviewed de novo.  *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).  When a plea to the jurisdiction challenges the pleadings, such as in this case, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case.  *Miranda*, 133 S.W.3d at 226.  We

---

[1] Brazos Valley Services is not a part of this interlocutory appeal.

construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id*.

Murders' and Maldonado's first amended petition alleged their suit was brought within subsections 1 and 2 of the Texas Tort Claims Act's general waiver provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) & (2) (West 2011). Those subsections afford a limited waiver of governmental immunity when either (1) property damage, personal injury, or death is proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and the employee would be personally liable to the claimant according to Texas law; or (2) personal injury and death is caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) & (2) (West 2011).

Even in the most liberal construction of Murders' and Maldonado's pleadings, there are no facts alleged which establish a waiver of the City's immunity under either subsection of section 101.021. There were no factual allegations, nor could there be, of 1) property damage, personal injury, or death; 2) proximately caused by the negligence of; 3) an employee of the City; 4) arising from the use or operation of a motor vehicle or motor driven equipment. *Id*. §101.021(1). Further, there were no factual allegations, nor

could there be, of personal injury or death caused by a condition or use of tangible personal or real property. *Id*. (2). At most, Murders and Maldonado only allege the City was negligent in its maintenance of the City's sewer system and in its efforts to assist Brazos Valley Services in locating the sewer line to be replaced or repaired. This is not the kind of act that would bring the suit within the Tort Claims Act waiver of immunity.

To the extent Murders and Maldonado also pled claims for mental anguish and nuisance, these claims, as alleged, also do not fall within the Tort Claims Act waiver of immunity. First, there is no general duty not to negligently inflict emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993). Second, nuisance liability arises only when governmental immunity is clearly and unambiguously waived. *City of Dallas v. Jennings*, 142 S.W.3d 310, 316 (Tex. 2004). Murders and Maldonado allege waiver only through the Texas Tort Claims Act. Thus, this claim suffers from the same pleading deficiencies as their negligence claim. And as stated previously, the pleadings do not establish a waiver under the Tort Claims Act.

Relying on the Dallas Court of Appeals' opinion in *City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied), Murders and Maldonado contend that we may not reach the question of whether immunity is waived as to the mental anguish claim and the nuisance claim because the City did not complain about these claims in its plea to the jurisdiction. However, the case relied upon in the *Heard* opinion

for that proposition, *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680 (Tex. App.--Dallas 2003, pet. denied), has been expressly overruled by the Texas Supreme Court.  *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).  Consequently, we are not precluded from addressing these jurisdictional issues raised for the first time on appeal.  *Id.*; s*ee Kaufman County v. Leggett*, 396, S.W.3d 24, 30 (Tex. App.—Dallas 2012, pet. denied).[2]

The trial court erred in denying the City's plea to the jurisdiction.  Because jurisdictional facts cannot be alleged that would bring the suit within the waiver of immunity provision of the Tort Claims Act, we are not obligated to remand this appeal so that Murders and Maldonado may amend their petition.[3]  *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).  Accordingly, the order of the trial court is reversed and judgment is rendered that the claims against the City are dismissed with prejudice.

TOM GRAY
Chief Justice

---

[2] At oral argument, Murders and Maldonado argued the Court could not address Murders' and Maldonado's failure to plead any of the type damages that would bring their claims within the waiver of governmental immunity.  Because we are addressing the trial court's subject matter jurisdiction, we disagree.  Thus, for the additional reason that Murders' and Maldonado's pleadings do not allege any type of damages for which governmental immunity is waived, we also hold that they have failed to invoke the trial court's jurisdiction over their claims.

[3] Murders and Maldonado amended their pleadings in response to the City's first plea to the jurisdiction which, like its second plea, took issue with the failure to allege facts regarding the "use or operation of a motor vehicle or motor driven equipment" element of section 101.021.  Even in the amended petition, Murders and Maldonado did not allege a use or operation of a motor vehicle or motor driven equipment which corresponded to their negligence claim that the City failed to maintain its sewer system or assist Brazos Valley Services in locating the sewer line.

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Reversed and rendered
Opinion delivered and filed April 17, 2014
[CV06]